FILED
September 28, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

RECEIVED
AUG 2 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

IN THE THIRD COURT OF APPEALS
OF TEXAS AT AUSTIN
**************************************

No. 03-14-00404-CV

KEVIN TOWER AND KARRIE LYNN TOWER,
*Appellants,*

v.

BANK OF AMERICA, N.A.
Appellee.

*********************************************
APPELLANTS MOTION FOR REHEARING

COMES NOW APPELLANTS Kevin Tower and Lynn Tower ("Appellants") and files this their Motion for Rehearing pursuant to Texas Rules of Appeallate Procedure 49.1, and in support thereof, would show as follows:

## I. FACTS

1.      This matter originated from the Hays County Court at Law.  Appellants' were the Defendant's in a case styled, *Bank of America, N.A. v. Kevin Tower*, Cause No. 13-0320-C.

2.      Appellant descided to initially appeal this matter from the trial court to this Court because the trial court failed to allow the Defendant the right to submit any contraverting evidence, rather the court descided to adjourn to consider the Defendants/Appellants objections.[1]

> "THE COURT: Anything further?  What I would like to do is look
> through all of the documents one more time and come to a decision
> regarding your objection –"

If the Court will review the reporters record **RR Vol. 1 Page 4 Line 19-25** it is clear that the Plaintiff presented its business records affidavit for the trial courts consideration.  Defendants

---

[1] RR Vol. 1 Page 15 Line 5-8

counsel immediately objected to the business records affidavit.[2]  The entire proceeding was argument with regard to the objection and not presentation of further evidence nor the opportunity of the Defendant to present its defense.  The trial court led the parties at trial (and the reporter's record affirms this belief) to the belief that it would recall the case and allow the Defendant to present its defense, rather the trial court presented its judgment without the right of the Defendants to present oral evidence by testimony and written evidence by exhibits.

## II. <u>ARGUMENT & AUTHORITIES</u>

3.      Tex. R. App. P. 49.1 allows a Defendant, upon motion to have the appeals judgment or order reconsidered.  Tex. R. App. P. 49.1 demands that this be done within fifteen (15) days from the rendering of the appeals court descision.  Despite the fact that Appellants did not receive the descision until days after its rendering, Defendants do however file this Motion for Rehearing timely and within the fifteen days.

4.      The specific points relied on for the rehearing are as follow:

    a.      <u>**Violation of the Due Process of Law**</u>; and

    b.      <u>**Failure of the panel to render an opinion consistent with Texas Rules of Appellate Process §47.1**</u>

5.      <u>**Violation of the Due Process of Law**</u>; The Fifth and Fourteenth Amendments of the United States Constitution prohibit government actions that deprive an individual of life, liberty, or property without due process of law.[3]  The Fifth Amendment states, in relevant part, that "[n]o person shall be ... deprived of life, liberty, or <u>property</u>, without due process of law." *Id.* The Fifth Amendment ensures that the federal government will follow adequate procedures if it seeks to impair an individual's constitutionally protected interests. *See id.*

---

[2] RR Vol. 1 Page 4 Line 19-25; RR Vol. 1 Page 5 Line 1-4
[3] U.S. CONST. amend. V; id. amend. XIV

---

6.     The Fourteenth Amendment similarly restricts actions by the states, stating: No State shall make or <u>enforce</u> any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or <u>property, without due process of law</u>; nor deny to any person within its jurisdiction the equal protection of the laws. *Id. amend. XIV.* Together, the Fifth and Fourteenth Amendments restrict any government action aimed at depriving an individual of life, liberty, or property interests.[4]

7.     Texas Constitution as well provides the same procedural protections. The Texas Constitution Bill of Rights:

> Sec. 19.  DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW.  No citizen of this State shall be deprived of life, liberty, <u>property</u>, privileges or immunities, or in any manner disfranchised, <u>except by the due course of the law</u> of the land.

8.     Texas Rules of Civil Procedure § 265 requires that the Order of Proceedings on Trial are conducted in a specific manner, this to protect Due Process of all parties. The Defendants/Appellants trial was not conducted in a format which complied with §265, thereby breaching Defendants/Appellants Due Process rights.

9.     **Failure of the panel to render an opinion consistent with Texas Rules of Appellate Process §47.1**: Despite the fact that Appellants designated as an issue on appeal that the trial court failed to allow a proper defense in violation of the Defendants/Appellants Due Process rights. The issue appeared as follows:

<u>ISSUE 2:</u>     **The trial court erred in issuing an improper judgment and prevented the Appellant from properly presenting its appeal.**

---

[4] See U.S. CONST. amend. XIV, § 1. Property interests include interests in all of <u>the traditional forms of real and personal property</u>. The government may not deprive an individual of property <u>without providing a fair adjudicatory process</u>. Cf. id. This right also may apply where the property interest is less tangible.

---

The Defendants/Appellants were not given the ability to be heard at a meaningful time and in a meaningful manner.[5]

10. Texas Rules of Appellate Procedure § 47.1 requires that the appellate courts: "The court of appeals must hand down a written opinion that is as brief as practicable but <u>that addresses every issue raised and necessary to final disposition of the appeal</u>." The panel's opinion failed to mention and/or consider the issue of the trial courts failure to follow the appropriate and mandated order of proceedings.

Respectfully submitted:

Kevin Tower

Pro Se

8/20/15

---

[5] *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)); *Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996).